Here the vendee was either imposed upon by the misrepresentation of the seller as to the locality of the 1,000 acres, when he, the seller, knew the lands described in the bounds and in the conveyance were not at the place shown, where the springs was, and where Blake lived, in which case he was guilty of fraud; or otherwise he, being under a mistake, represented this to be the place which he sold, and preferred to convey by the description contained in the bond and deed, and under the mistake which' he through misapprehension communicated also to the vendee, the deed executed, which, under the same mistake, the vendee received. Both believed the
 
 *737
 
 place described in the bond and deed to be that which the vendor pointed out; and upon that understanding, as upon a condition, the one made, and the other accepted the deed. As far as the mistake was discovered, both parties should have been willing to have rescinded all that was done. In this view of the case, the deed ought to be set aside.
 

 As to the sale for taxes, it does not appear whether the sale and conveyance was a valid one or not; it would seem from the circumstance of the lands having been purchased by the son-in-law of the vendor, that the sale will not be good should the sheriff’s deed be valid. At all events, when that is urged as a reason why this court ought not to order a refunding of the purchase money, the vendor ought to show *that the .sale is valid, in order to evince that the land through the default of the vendee cannot now be vested in him by the decree to be pronounced in this canse; and as this case is incumbered, even that could not answer his purpose; for the defendant himself proved the land to be reported and the sale to be made, and shows that he paid for 5,000 acres which covered the 1,000 acres, of which the lands mentioned in the' deed to the complainant are part.
 

 This shows that the sale for taxes of the lands in question was not a legal sale.
 

 Decree that the complainant shall, by a deed to be approved by the clerk and master, and deposited in his office, in one month from this day release and transfer to the vendee all right and title to the lands described in said deed; which, however, shall be subject to a lien for the debt due by this decree to the complainant, until said debt shall be paid; and thereupon that the said vendee shall within one month thereafter pay to the complainant the principal and interest paid to him, the vendor, by the complainant, for said land ; such principal and interest to be ascertained by a report to be made by the clerk and master, and that the defendant pay all costs.
 

 See, as to
 
 misrepresentation, Lewis
 
 v.
 
 McLemore,
 
 10 Yer. 206;
 
 Donelson
 
 v.
 
 Weakley, 3
 
 Yer. 178;
 
 Phillips
 
 v.
 
 Hollister,
 
 2 Cold. 269;
 
 Merriwether
 
 v.
 
 Larmon, 3
 
 Sneed, 448;
 
 Drew
 
 v.
 
 Clarke,
 
 Cooke, 374;
 
 Sparks
 
 v.
 
 White,
 
 7 Hum. 89;
 
 Bell
 
 v.
 
 Steel,
 
 2 Hum. 148;
 
 Trigg
 
 v.
 
 Read,
 
 5 Hum. 529; Cunningham
 
 v. Edgefield and Ky. R. R.,
 
 2 Head, 23. As to
 
 mistake of fact, Maury
 
 v.
 
 Porter,
 
 3 Hum. 347;
 
 Hickman
 
 v.
 
 Tait,
 
 Cooke, 460;
 
 White
 
 v.
 
 Flora,
 
 1 Tenn. 426;
 
 Brents
 
 v.
 
 Brown,
 
 3 Head, 560. See King’s Digest, 2242, 2562-64, 2585-89.